```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION


UNITED STATES OF AMERICA,       )
                                )
         Plaintiff,             )
                                )
              v.                )    No. 4:09 CR 96 RWS
                                )
ANTHONY RIZZUTI,                )
                                )
         Defendant.             )
                                )
```

### MEMORANDUM AND ORDER

This action is before the court upon the motion of defendant Anthony Rizzuti for a modification of his conditions of pretrial release. (Doc. 23.) A hearing was held on the motion on March 27, 2009.

Defendant Rizzuti is charged by indictment with using a facility of interstate commerce "knowingly attempt to persuade, induce, and coerce" a police officer, whom Rizzuti believed was under 18 years of age, to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b)[1] (Count 1);[2] and with possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B)(Count 2).

Following a detention hearing held on February 5, 2009, on February 10, 2009, Rizzuti was released on a secured appearance bond in the amount of $100,000.00 plus conditions of release which included, among others, that defendant: (1) abide by restrictions on travel, including

---

[1] In relevant part, § 2422(b) provides:

> Whoever, using . . . any facility or means of interstate . . . commerce, . . . knowingly persuades, induces, entices, or coerces an individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned. . . .

18 U.S.C. § 2422(b).

[2] Although not alleged in the indictment, it is undisputed that the police officer was older than 18 years of age.

surrendering his pilot's license; (2) submit to home detention with electronic monitoring; and (3) be limited to travel within this judicial district.  (Doc. 16 at 2-3.)  The Order Setting Conditions of Release described the home detention thus:

> You are restricted to your residence [(the residence of his parents)] at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer.

(Id. at 3.)

Defendant argues that the conditions of release ordered by the undersigned included those required by 18 U.S.C. § 3142(c)(1)(B), a portion of the Adam Walsh Child Protection Safety Act of 2006 (Adam Walsh Act), 109 P.L. 248 (July 27, 2006).  Section 3142(c)(1)(B) provides  "[i]n any case that involves a minor victim[3] under section . . . 2422 . . . ," the basis for Count 1 against defendant Rizzuti, "any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions" described in 18 U.S.C. § 3142(c)(1)(B), i.e. that defendant shall "(iv) abide by specified restriction on personal associations, place of abode, or travel," "(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense," "(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency," "(vii) comply with a specified curfew," and "(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon."  See 18 U.S.C. § 3142(c)(1)(B).

Defendant argues that the allegations in Count 1 are outside those which require the imposition of the conditions of release described above, because the actual victim described in Count 1 is a named adult law enforcement officer and not a person under the age of 17 as the indictment alleges defendant believed.  Therefore, defendant wants the court to relieve him of the conditions of home detention and the

---

[3]The term "minor" is defined by the Adam Walsh Act as "an individual who has not attained the age of 18 years." 109 P.L. 248, § 111(14).  See also 18 U.S.C. § 2256(1).

restrictions on his travel, which were imposed by the court solely because they were believed by the court to be required by the Adam Walsh Act.  In this regard defendant wants the court to consider whether such restrictive conditions of release are among the least restrictive conditions available to reasonably assure he will appear in court as required and will reasonably assure he would not pose a danger to the community, as the Bail Reform Act of 1986 requires.   18 U.S.C. § 3142(c)(1)(B).[4]

The issue presented by the defendant's motion is whether the Adam Walsh Act's provision regarding mandatory conditions of pretrial release requires that the actual victim alleged in Count 1 of the indictment be a person who is younger than 18, as defendant argues, or whether that provision of the Act requires only that the person charged believe the victim is under the age of 18, as the government argues.  The parties and the court have found only one reported case which discusses this issue, United States v. Kahn, 524 F. Supp. 2d 1278 (W.D. Wash. 2007).[5]

---

[4] The Bail Reform Act provides, "such judicial officer shall order the pretrial release of the person-- . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ."  See 18 U.S.C. § 3142(c)(1)(A)-(B).

[5] The court in Kahn mentions that other district court cases dealt with the constitutionality of the Adam Walsh Act's mandatory conditions of release, an issue not decided in Kahn and not presented in the instant case.  Kahn, 524 F. Supp. 2d at 1281 n. 3.  Cf. United States v. Gardner, 523 F. Supp. 2d 1025 (N.D. Cal. 2007)(statute does not violate constitutional prohibition against excessive bail under the Eighth Amendment, does not violate procedural due process under the Fifth Amendment, and does not violate the separation of powers principle of the Constitution); United States v. Vujnovich, No. 07-20126-01 CM DJW, 2007 WL 4125901 (D. Kan. Nov. 20, 2007) (statute violates the prohibition against excessive bail under the Eighth Amendment, violates procedural due process under the Fifth Amendment, and violates the separation of powers principle of the Constitution), review denied, 2008 WL 687203 (D. Kan. March 11, 2008); and United States v. Crowell, No. 06-CR-291E(F), 2006 WL 3541736 (W.D.N.Y. 2006)(same).  See also United States v. Kennedy, 593 F. Supp. 2d 1221 (W.D. Wash. 2008)(statute violates the Excessive Bail Clause of the Eighth Amendment, the Due Process Clause of the Fifth Amendment, and separation of powers doctrine), motion to revoke order denied, 593 F. Supp. 2d 1233 (W.D. Wash. 2009).

Defendant Kahn was charged by indictment with traveling from Canada to Seattle, Washington, to engage in illicit sexual conduct with a grown woman and her 13-year-old daughter.  In fact, the grown woman was an undercover police officer and the 13-year-old daughter was fictitious.  The government argued that the conditions of release required by the Adam Walsh Act should be imposed on Kahn, because of the involvement of a minor.  As did other defendants in other cases, defendant argued that the mandatory conditions of release provision of the Act violated the Due Process Clause of the Constitution, the Excessive Bail Clause of the Eighth Amendment, and the separation of powers doctrine.  The court, however, construed the phrase "involves a minor victim" in the Act to not apply to Kahn in the first place and declined to take up the constitutional issues.  Kahn, 524 F. Supp. 2d at 1279 (W.D. Wash. 2007).

The court in Kahn concluded that the statutory phrase "involves a minor victim" in § 3142(c)(1)(B) requires the involvement of an actual minor victim.  In making this decision, the court considered the plain meaning of "minor victim," which it recognized was not defined by Congress.  After considering the dictionary definition of "minor victim," the court concluded that the term "does not encompass the undercover detective or her fictitious thirteen year-old daughter," because the former was not a minor and the latter was not a person.  Id. at 1282.

This court respectfully disagrees with the conclusion about Congress's intent reached in Kahn.  The court must consider the words used by Congress to express its intent.  United States v. McCall, 439 F.3d 967, 971 (8th Cir. 2006).  When the intent of Congress, expressed in the words of the statute, is clear, it should be given effect.  Id.  The relevant statutory language is "any case that involves a minor victim under section . . . 2422. . . ."  Congress did not statutorily define "involves a minor victim" as a unit.  Of particular importance, however, is the fact that in § 3142(c)(1)(B) Congress included a reference to specific statutes to restrict the application of the mandatory conditions of release provision.  By referring specifically to § 2422, Congress included the scope of the illegal activity

proscribed by § 2422.  See Dir., Office of Workers' Compensation Programs, U.S. Dep't of Labor v. Peabody Coal Co., 554 F.2d 310, 323 (7th Cir. 1977) ("Undoubtedly, Congress may employ a general reference when adopting statutory provisions set out in an independent statute."). Section 2422 expressly includes "attempt" activity[6] and has been construed by the Eighth Circuit Court of Appeals, agreeing with the reasoning of sister courts, to include conduct directed by defendants unknowingly at undercover law enforcement officers, if the defendant intended to victimize a person under the age of 18.  United States v. Spurlock, 495 F.3d 1011, 1013 (8th Cir. 2007), cert. denied, 128 S. Ct. 687 (2007) (citing United States v. Helder, 452 F.3d 751, 756 (8th Cir. 2006)).

Congress's stated intention in requiring the described conditions of release was to ensure "that children have additional protection 'from sexual attacks and other violent crimes.' Pub. L. No. 109-248, tit. II, 109 Stat. at 611."  Gardner, 523 F. Supp. 2d at 1029.  More to the point, in 2003, Congress passed the PROTECT Act, 18 U.S.C. § 2252A, aimed at criminalizing the trafficking of child pornography.  United States v. Williams, 128 S. Ct. 1830, 1835 (2008).  In that statute, Congress included the phrase "actual minor" in three different places. 18 U.S.C. §§ 2252A(a)(3)(B)(ii), 2252A(c)(2), 2252A(e).  In the Adam Walsh Act, Congress did not use such a phrase.  See 18 U.S.C. § 3142(c)(1)(B).  Mindful that courts have a "duty to refrain from reading a phrase into the statute when Congress has left it out," this court refrains from inserting the word "actual" before the phrase "minor victim" in the Adam Walsh Act.  See Keene Corp. v. United States, 508 U.S. 200, 208 (1993) ("[W]here Congress includes particular language in one section of a statute but omits it in another [statute within the same title], it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

For these reasons, the court concludes that the conditions of release sought to be removed by defendant are required by the Adam Walsh Act.

---

[6]See note 2.

Therefore,

**IT IS HEREBY ORDERED** that the motion of defendant Anthony Rizzuti to modify conditions of pre-trial release (Doc. 23) is denied.


　　　　　　　　　　　　　　　　　　  /S/    David D. Noce
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on April 15, 2009.